IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                              CASE NO. 3:16-cv-457-MCR-GRJ

DAVID MORGAN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This cause is before the Court on ECF No. 12, Plaintiff's second amended complaint. Due to Plaintiff's failure to comply with the Court's orders directing her to address the numerous deficiencies in her complaint, this case should be dismissed for failure to comply with the Court's orders and for failure to state a claim for which relief can be granted.

    This is by no means the first time Plaintiff has attempted to bring a meritless lawsuit in federal court. As Judge Kahn, recently detailed, since March 10, 2015, Plaintiff has filed twenty-three complaints, nineteen of which have been dismissed before service, including seventeen cases in the Northern District of Florida. *Brewer v. Federal Bureau of Investigation,*

case no. 3:16-cv-460-MCR-CJK (N.D. Fla. Sept. 20, 2016, ECF No. 4).

This case was initiated on September 9, 2016, when Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on the appropriate court-approved form for *pro se* litigants. (ECF No. 1.) The case purported to involve allegations of sexual harassment and misconduct by deputies at the Escambia County Courthouse but it was impossible to discern the basis of the claims when the Court screened the Complaint. Consequently, because there were multiple deficiencies in the case and because Plaintiff was proceeding *pro se* the Court ordered Plaintiff to file an amended complaint. (*See* ECF No. 8.) The Court informed Plaintiff that failure to comply with its order to amend her complaint would result in a recommendation to the district judge that the case be dismissed for failure to prosecute and for failure to state a claim. (*Id.*)

Before receiving that order, Plaintiff filed an amended complaint. (ECF No. 9.) Upon a screening of the amended complaint, the Court again found Plaintiff's complaint to be deficient for many of the same reasons, including a few additional reasons such as failing to request any relief, and ordered Plaintiff to file a second amended complaint. (ECF No. 10.)

Plaintiff then filed a second amended complaint. Plaintiff failed,

however, to remedy the deficiencies in her complaint that the Court identified on multiple occasions and to follow the instructions on the complaint form. (*See* ECF Nos. 8, 10.) Rather than filing a short and plain statement of her claim instead Plaintiff filed a lengthy (and largely incoherent) thirty-six page complaint which failed to remedy the deficiencies in her previous complaints and included additional allegations which raise additional deficiencies.  Because Plaintiff ignored the deficiencies explained by the Court she has failed to comply with an order of the Court. Moreover, the second amended complaint, like the previous complaints, fail to state a claim upon which relief may be granted.

In screening a *pro se* complaint, the Court must determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950

(2009)). While a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a liberal construction will not remedy the deficiencies in Plaintiff's second amended complaint. These deficiencies include the following.

First, as with Plaintiff's previous two complaints, she fails to allege a concise and plain statement of the claims she is attempting to bring against each of the named defendants. Specifically, Plaintiff names David Morgan, Deputy Stine, Bill Eddins, and Investigator Schuler without alleging any specific violations of her rights by these individuals. As the Court previously advised Plaintiff, listing defendants at the beginning of a complaint is not sufficient to name them in an action without alleging facts as to what each defendant did or did not do that gives rise to the claim. (ECF No. 10.) Thus, Plaintiff's claims apply, at best, to only a few of the defendants she named.

Second, as with Plaintiff's previous two complaints, she offers a long list of factual allegations, many of which are unrelated to her action and many of which are disconnected to each other. The Court directed Plaintiff to follow the complaint form's clear instructs, which provides that "[i]f there are facts which are not related to this same basic incident or issue, they be

must be addressed in a separate civil rights complaint." Yet, rather than adhering to the Court's directive and the form's instructions, Plaintiff included in her second amended complaint even more unrelated factual allegations. Indeed, there is no mention or reference in the second amended complaint to her claims until page eleven, thus making it impossible to discern what claims Plaintiff is even attempting to bring in this Court.

For example, Plaintiff includes factual allegations about many individuals not named in her second amended complaint and refers to conduct that occurred many years ago. Further, Plaintiff alleges facts and events alleging occurring in Oklahoma, California, and Florida, with no connection to this action or any connection of the events to each other, other than Plaintiff's conclusory allegation of a conspiracy theory. Plaintiff also includes unrelated claims of harm against her father, which are wholly irrelevant to Plaintiff's action. Additionally, many of Plaintiff's factual allegations instruct the Court to review other cases, which is not the role of the Court in addressing and resolving complaints.

Third, as with Plaintiff's previous two complaints, her statement of the rights she says were violated refers to unrelated laws and laws which do

not provide for a cause of action. As the Court pointed out to Plaintiff, the complaint form instructs Plaintiff to "[s]tate what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged . . . ." Although Plaintiff numbers the claims for the first time, she still fails to relate the claims to the facts she alleged earlier in her complaint. Instead—and without any facts supporting these claims—she merely lists as rights, which were violated, the War Crimes Act 2441, False Statements Accountability Act, Oklahoma state statutes, 18 U.S.C. §§ 241–242, Intelligence Reform and Terrorism Prevention Act of 2004, Counterterrorism and National Security Act of 2007, Oklahoma and Florida law generally, Civil Rights Act of 1964, Florida Constitution, 18 U.S.C. § 2075, the Hague Convention Treaties on apartheid and war crimes, and the Fourth, Fifth, and Fourteenth Amendments. This long list of wholly irrelevant laws and provisions she says were violated magnifies Plaintiff's failure to state a claim for which relief can be granted.

Fourth, as with Plaintiff's previous two complaints, her request for relief is deficient and requests relief which the Court is not authorized to provide. For example, as relief Plaintiff again requests prosecution through

a grand jury, which the Court previously told Plaintiff is the role of the United States attorney, not the Court. Plaintiff also requests twelve million dollars for intentional destruction of her career around Middle Eastern dance and twenty-four million for public humiliation. As was the case with her original complaint Plaintiff again fails to allege any relevant facts to warrant the relief she requests. Lastly, even if the Court construes Plaintiff's claim as one of sexual harassment and misconduct by the deputies named in Plaintiff's complaint, it is unclear how the relief Plaintiff requests is related to that claim.

    A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or fails to comply with a court order. Fed. R. Civ. P. 41(b).  And, as mentioned previously, the Court may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face, *Sinaltrainal*, 578 F.3d at 1260, or if the claim is frivolous. *Miller*, 541 F.3d at 1100.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East*

*Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Plaintiff has failed to comply with the Court 's previous orders instructing her to remedy the deficiencies in her two previously filed complaints.  And as detailed above, the Second Amended Complaint fails to state a claim for which the Court can grant relief based upon Plaintiff's prolix allegations of unconnected events because no facts are alleged which support a violation of the host of unrelated laws Plaintiff cites, nor is the Court authorized to grant the types of relief Plaintiff requests.  In sum, this case— like the eighteen cases previously filed in this Court—is due to be dismissed because the claims are frivolous and no useful purpose would be served by allowing this case to proceed.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to comply with Court orders and for failure to state a claim. The clerk should be directed to close the file.

**IN CHAMBERS** this 27th day of October 2016.

　　　　　　　　　　　　　　　　*s/Gary R. Jones*
　　　　　　　　　　　　　　　　GARY R. JONES
　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**